IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACKIE DENMARK,

       Plaintiff,

v.                //   CIVIL ACTION NO. 1:14CV58
                        (Judge Keeley)

CPL. D.P. STARCHER, individually
and in his official capacity as a
Trooper with the West Virginia
State Police,

       Defendant.


## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 15]

Pending before the Court is the motion to dismiss (dkt. no. 15) filed by the defendant, Corporal D.P. Starcher ("Starcher"). The amended complaint of the plaintiff, Jackie Denmark ("Denmark"), asserts claims against Starcher in both his individual and official capacities pursuant to 42 U.S.C. § 1983 and the common law tort of abuse of process. In his motion, Starcher contends that (1) any claims against him in his individual capacity are barred by the statute of limitations, and (2) he is immune from § 1983 liability in his official capacity. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Starcher's motion.

### I. FACTUAL BACKGROUND

In May, 2006, Denmark's son, Seth, and two other individuals, including David Wayne Beech ("Beech"), visited Denmark's home. According to Denmark's amended complaint, nothing suspicious

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

occurred, and following dinner the threesome departed her residence.

Apparently, Beech went missing following this visit, and the West Virginia State Police suspected a kidnapping. Soon the police arrested Seth. Denmark alleges that Starcher pressured Seth for a confession by threatening to arrest her. When Seth did not confess, Starcher filed a criminal complaint against Denmark on March 12, 2010, and obtained an arrest warrant, which he executed on the same day. The criminal complaint alleged that Denmark had aided and abetted Seth in Beech's kidnapping, in violation of W. Va. Code § 61-2-14E. Denmark was detained for several months; subsequently she was placed on home confinement until, eventually, the state dismissed charges against her without prejudice in April, 2011. In May, 2013, the Circuit Court of Calhoun County, West Virginia, accepted a plea agreement from another defendant involved in Beech's alleged kidnapping that included a provision requiring the State to dismiss all charges against Denmark with prejudice.

## II. PROCEDURAL BACKGROUND

Before her charges had been dismissed with prejudice, Denmark filed a complaint in this Court on March 12, 2012 that alleged Starcher, acting in his official capacity only, had violated her constitutional rights and committed abuse of process when he filed

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

the March, 2010 criminal complaint against her.  That complaint was docketed as Case No. 1:12CV43.  In December, 2013, the Court granted Starcher's unopposed motion to dismiss that complaint without prejudice based on untimely service of process.

In March, 2014, pursuant to West Virginia's "savings statute," W. Va. Code § 55-2-18,[1] Denmark refiled her complaint in the captioned case that, like its predecessor, named Starcher solely in his official capacity.  Later, in July, 2014, the Court allowed Denmark to amend her complaint in order to allege claims against Starcher in both his official and individual capacities. After Denmark amended her complaint, Starcher moved to dismiss.

That motion is now fully briefed and ripe for review. In addressing Starcher's motion, the Court will consider (1) whether Denmark's claims against Starcher in his individual capacity are time-barred, and (2) whether Starcher is immune from Denmark's § 1983 claim in his official capacity.[2]

---

[1] The savings statute provides that, "[f]or a period of one year from the date of an order dismissing an action or reversing a judgment, a party may refile the action if the initial pleading was timely filed and: (i) the action was involuntarily dismissed for any reason not based upon the merits of the action."  Moreover, "a dismissal not based upon the merits of the action includes . . . [a] dismissal for failure to have process timely served."  W. Va. Code § 55-2-18(b)(3).

[2] Starcher bases his motion on both Rules 12(b)(1) and 12(b)(6). It is clear that "the statute of limitations is an affirmative defense, not a jurisdictional prerequisite, so such a challenge to a complaint is

MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS

### III. STANDARDS OF REVIEW

#### A.   Rule 12(b)(1)

When, as here, the moving party has asserted a facial challenge to the Court's subject matter jurisdiction under Rule 12(b)(1), "'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" <u>Kerns v. United States</u>, 585 F.3d 187, 192 (4th Cir. 2009) (quoting <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In that instance, the court must evaluate the complaint in the same manner utilized in assessing a motion to dismiss for failure to state a claim -- that is, viewing the well-pleaded facts in the complaint as true." <u>Kimble v. Rajpal</u>, 566 Fed. App'x 261, 262 (4th Cir. 2014) (per curiam).

---

made pursuant to Rule 12(b)(6), not 12(b)(1)." <u>Reid v. Prince George's Cnty. Bd. of Educ.</u>, __ F. Supp. 3d __, No. TDC-14-600, 2014 WL 5089070, at *2 (D. Md. Oct. 8, 2014).  On the other hand, it remains unclear in the Fourth Circuit "whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." <u>Andrews v. Daw</u>, 201 F.3d 521, 524 n.2 (4th Cir. 2000). <u>But see Evans v. Martin</u>, No. 2:12CV3838, 2013 WL 4805729, at *3 (S.D.W. Va. Sept. 9, 2013) (noting that "[t]he recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)") (internal quotation marks and citation omitted).  The Court need not decide the latter issue for purposes of this order.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

## B.    Rule 12(b)(6)

In reviewing the sufficiency of a complaint under Rule 12(b)(6), a district court "'must accept as true all of the factual allegations contained in the complaint.'" <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)). However, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" <u>Anderson</u>, 508 F.3d at 188 (quoting <u>Twombly</u>, 550 U.S. at 547).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are

MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS

alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007) (quoting <u>Richmond, Fredericksburg & Potomac R.R. v. Forst</u>, 4 F.3d 244, 250 (4th Cir. 1993)).

## IV. ANALYSIS

### A. Statute of Limitations

"The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint." <u>Dean v. Pilgrim's Pride Corp.</u>, 395 F.3d 471, 474 (4th Cir. 2005) (citations omitted). Here, Starcher contends that any claims against him in his individual capacity are time-barred because Denmark never sued him in his individual capacity until July, 2014. Starcher's motion focuses particularly on Denmark's claim pursuant to § 1983.[3]

---

[3] To the extent Denmark alleges a stand-alone claim for abuse of process, that claim is clearly time-barred for reasons other than Denmark's failure to assert it against Starcher in his individual capacity until July, 2014. "An action for abuse of process must be brought within one year from the time the right to bring the action accrued." Syl. Pt. 3, <u>Preiser v. MacQueen</u>, 352 S.E.2d 22, 23 (W. Va. 1985). Under West Virginia law, a cause of action for abuse of process accrues "'from the termination of the acts which constitute the abuse

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
## DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Federal law does not provide a statute of limitations for § 1983 claims. Rather, "42 U.S.C. § 1988 requires courts to borrow and apply to all § 1983 claims the one most analogous state statute of limitations." Owens v. Okure, 488 U.S. 235, 240 (1989) (citing Wilson v. Garcia, 471 U.S. 261 (1985)). "In West Virginia, § 1983 actions are considered personal injury actions and utilize the two year statute of limitations." Orum v. Haines, 68 F. Supp. 2d 726, 730 (N.D.W. Va. 1999) (citing W. Va. Code § 55-2-12(b)); see also McCausland v. Mason Cnty. Bd. of Educ., 649 F.2d 278, 279 (4th Cir. 1981).

Here, Starcher has asserted the statute of limitations as a bar to Denmark's § 1983 individual-capacity claim. It is undisputed that Denmark did not allege any claims against Starcher in his individual capacity until July, 2014, when she filed her amended complaint. Thus, two questions arise. First, when did

---

complained of, and not from the completion of the action in which the process issued.'" Id. at 29 (quoting 1 A.L.R. 3d 953-54 (1965)). Based on Preiser, any abuse of process claim in this case accrued when Starcher filed a criminal complaint against Denmark in March, 2010, not, as Denmark urges, when the charges were dismissed with prejudice in May, 2013. Moreover, Denmark's reliance on the continuing tort doctrine and the threat of re-arrest is misplaced because "a wrongful act with consequential continuing damages is not a continuing tort." Ricottilli v. Summersville Mem. Hosp., 425 S.E.2d 629, 632 (W. Va. 1992) (citing Spahr v. Preston Cnty. Bd. of Educ., 391 S.E.2d 739, 742 (W. Va. 1990)). Therefore, even using Denmark's initial complaint filed in March, 2012, she was still one year too late in asserting a claim under West Virginia law for abuse of process.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Denmark's § 1983 claim accrue?  Second, if her § 1983 claim accrued prior to July, 2012, does her § 1983 individual-capacity claim, first asserted in her amended complaint filed in July, 2014, relate back to her March, 2014 complaint?

### 1. Accrual

"Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law." Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

In Wallace v. Kato, 549 U.S. 384, 387-88 (2007), the United States Supreme Court addressed the accrual of a § 1983 claim similar to that asserted here.  There, the plaintiff, Wallace, who had been arrested for murder in 1994, was convicted by a jury, and sentenced to twenty-six years in prison.  Id. at 386.  He then successfully appealed his conviction on the ground that he had been arrested in violation of the Fourth Amendment, and the prosecutors dropped all charges against him on April 10, 2002.  Id. at 386-87.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

On April 2, 2003, Wallace filed a § 1983 action against the
arresting officers, alleging that he had suffered damages as a
result of their violation of his Fourth Amendment rights. <u>Id.</u> The
district court granted summary judgment to the police officers
after concluding that Wallace's § 1983 claim was time-barred. That
decision was later affirmed by the Seventh Circuit. <u>Id.</u> The
Supreme Court then granted certiorari to determine whether
Wallace's § 1983 claim was timely. <u>Id.</u> at 386.

After first determining that the applicable statute of
limitations for Wallace's claim under Illinois law was two years,
the court explained that a § 1983 claim accrues "when the plaintiff
has a complete and present cause of action, that is, when the
plaintiff can file suit and obtain relief." <u>Id.</u> at 388 (internal
quotation marks and citation omitted). It further explained that
Wallace "could have filed suit as soon as the allegedly wrongful
arrest occurred, subjecting him to the harm of involuntary
detention, so the statute of limitations would normally commence to
run from that date." <u>Id.</u>

Nevertheless, the court looked to the most analogous common
law tort cause of action, false imprisonment, to determine whether
any "distinctive treatment" of the accrual date was appropriate.
<u>Id.</u> It observed that, under the common law, the limitations period

for a false imprisonment claim does not begin to run until the end of detention without legal process. Id. at 389. Applying this principle to the plaintiff's § 1983 claim, the court concluded that his false imprisonment ended, and the two-year limitations period had begun to run, on the date of his arraignment. Id. at 391.

The Fourth Circuit recently applied Wallace in Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 387-89 (4th Cir. 2014). There, the plaintiff, Owens, asserted a § 1983 claim against multiple defendants, including several police officers who had been involved in investigating and prosecuting him for burglary and felony murder. He alleged that the defendants had "violated his constitutional rights by intentionally and in bad faith withholding exculpatory and impeachment evidence at his 1988 trial." Id. at 387. The officers moved to dismiss the claim as untimely. Id. at 388. The relevant issue on appeal was when the statute of limitations had begun to run on Owens's § 1983 claim. Id.

Relying on Wallace, the Fourth Circuit looked to the most analogous common law tort cause of action, which was the claim of malicious prosecution. Id. at 390. Observing that, under the common law, "the limitations period for malicious prosecution claims does not begin to run until a truly final disposition is

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

achieved," it concluded that the statute of limitations governing Owens's § 1983 cause of action had not begun to run until after the prosecutors had dropped the charges against him.  <u>Id.</u>  "It was only on this date that proceedings against Owens were favorably terminated in such manner that they could not be revived."  <u>Id.</u>

The holdings in <u>Wallace</u> and <u>Owens</u> establish that the determination of when the limitations period governing a § 1983 claim begins to run turns on a court's analysis of the most analogous common law tort cause of action. In Denmark's amended complaint, she alleges that "her Fourth Amendment Constitutional rights to be free from unreasonable search and seizure were violated and, as such, she maintains that she may bring this Complaint for damages pursuant to 42 U.S.C. § 1983." (Dkt. No. 12 at 1-2).  Based on this allegation, the most analogous common law tort cause of action would likely be a claim for false imprisonment.

"Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held <u>pursuant to such process</u>."  <u>Wallace</u>, 549 U.S. at 389 (emphasis in original).  That point, the Supreme Court determined, was the date on which the plaintiff was arraigned in the underlying criminal case.  <u>Id.</u> at 391.  Therefore, if false

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

imprisonment is indeed the most analogous common law cause of action in this case, the two-year limitations period for Denmark's § 1983 claim began to run when she was arraigned in the Circuit Court of Calhoun County, sometime after her arrest on March 12, 2010. Given that, the complaint that Denmark filed on March 12, 2012 was timely.

Alternatively, the most analogous common law cause of action may be abuse of process. Indeed, Denmark alleges that Starcher committed an "intentional abuse of criminal process." In an action for abuse of process, the common law makes it "'unnecessary for the plaintiff to prove that the proceeding has terminated in his favor.'" Heck v. Humphrey, 512 U.S. 477, 495 (1994) (Souter, J., concurring) (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 897 (5th ed. 1984)). Courts have held that, when abuse of process provides the most analogous cause of action for a § 1983 claim, the limitations period runs from the date the plaintiff was arrested and charges were brought against her. See, e.g., Aly v. City of Lake Jackson 453 Fed. App'x 538, 540 (5th Cir. 2011) (per curiam); see also Rose v. Bartle, 871 F.2d 331, 351 (3d Cir. 1989).

In this case, Starcher arrested Denmark on March 12, 2010. Thus, even if the common law cause of action most analogous to her

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

§ 1983 claim is abuse of process, Denmark's initial complaint, filed on March 12, 2012, was timely as it was filed on the final day of the limitations period.

**2. Relation Back**

A finding that Denmark's March 12, 2012 complaint was filed within the two-year limitations period does not end the Court's inquiry. Denmark did not assert a § 1983 claim against Starcher in his individual capacity until she filed her amended complaint in July, 2014.[4]  At first blush, it would appear that this amended complaint would have to relate back to the initial complaint filed in Case No. 1:12CV43 in March, 2012.  Under such a construction, relation back would be inappropriate because "a complaint in one case may not relate back to a complaint in another case to avoid the statute of limitations." Angles v. Dollar Tree Stores, Inc., 494 Fed. App'x 326, 330 n.8 (4th Cir. 2012) (citing Bailey v. Northern Ind. Pub. Svc. Co., 910 F.2d 406, 413 (7th Cir. 1990); Morgan Dist. Co. v. Unidynamic Corp., 868 F.2d 992, 994 (8th Cir. 1989)).

---

[4] There is no doubt that official-capacity claims and individual-capacity claims are legally distinct. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Andrews v. Daw, 201 F.3d 521, 526 (4th Cir. 2000).

MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS

That analysis, however, fails to account for West Virginia's savings statute.  When a complaint is filed, the statute of limitations is tolled.  See Charlton v. M.P. Indus., Inc., 314 S.E.2d 416, 419 (W. Va. 1984); Stevens v. Saunders, 220 S.E.2d 887, 889 (W. Va. 1975).  Under the savings statute, if the complaint is involuntarily dismissed on grounds other than the merits, that tolling period is extended by one year.  See W. Va. Code § 55-2-18; Emp'rs Fire Ins. Co. v. Biser, 242 S.E.2d 708, 712 (W. Va. 1978).

Applying West Virginia's savings statute to this case,[5] it is clear that Denmark filed her March, 2012 complaint within the limitations period, with one day remaining, and that the tolling period was extended by one year when the Court dismissed the March, 2012 complaint on December 23, 2013 for failure to serve timely process.  When Denmark filed her next complaint in March, 2014, she was within one year of the involuntary dismissal of her previous complaint, and thus within the applicable two-year limitations period.  Accordingly, the relevant inquiry is whether the amended complaint Denmark filed in July, 2014, asserting an individual-

---

[5] State tolling rules are "binding rules of law" in § 1983 actions. Bd. of Regents of Univ. of State of New York v. Tomanio, 446 U.S. 478, 484 (1980).

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

capacity claim against Starcher, relates back to her March, 2014
complaint.

Under Fed. R. Civ. P. 15(c)(1)(C), an amendment to a pleading
that changes a party or a party's name relates back to the date of
the original pleading

> if Rule 15(c)(1)(B) is satisfied and if, within the
> period provided by Rule 4(m) for serving the summons and
> complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will
>> not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action
>> would have been brought against it, but for a
>> mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C); see also Goodman v. Praxair, Inc., 494
F.3d 458, 468-69 (4th Cir. 2007) (rejecting the argument that an
added party is not a changed party within the scope of Rule
15(c)(1)(C)). "All three conditions of Rule 15(c)(1)(C) must be
met in order for relation back to be permissible." Francis v.
Woody, No. 3:09CV235, 2009 WL 2371509, at *6 (E.D. Va. July 31,
2009).

Rule 15(c)(1)(B)'s requirement that the newly asserted claim
arise out of conduct alleged in the original pleading is satisfied
in this case. Likewise, Rule 15(c)(1)(C)(i) is satisfied because
Starcher had notice of the action within 120 days of the filing of

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND**
**DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

the March, 2014 complaint,[6] and would not suffer any cognizable prejudice as a result of relation back.[7]

Rule 15(c)(1)(C)(ii), however, is less clear cut. It requires two things: first, that Denmark made a "mistake" by not asserting an individual-capacity claim in her March 2012 complaint; and, second, that Starcher had knowledge, actual or constructive, that an individual-capacity claim would have been brought but for Denmark's mistake.

### a. Mistake

The mistake requirement is satisfied here. In <u>Goodman</u>, 494 F.3d at 471, the Fourth Circuit explained that "parsing among different kinds of mistakes does not typically aid application of the Rule." In <u>Krupski v. Costa Crociere S.p.A.</u>, 560 U.S. 538 (2010), the Supreme Court provided additional clarification as to Rule 15(c)(1)(C)(ii)'s mistake requirement. A mistake lies when a

---

[6] Denmark filed a motion to amend her complaint to include the individual-capacity claim on June 26, 2014. (Dkt. No. 9).

[7] Starcher's contention that the possibility of personal liability constitutes prejudice is unavailing. Such prejudice is inherent to the individual-capacity claim itself, rather than the result of relation back. <u>See</u> <u>Robinson v. Clipse</u>, 602 F.3d 605, 609 (4th Cir. 2010) (rejecting the notion of prejudice because, "[h]ad Clipse been named as a defendant in the original complaint, he would have been in the same position he is now"). Moreover, such prejudice does not relate to Starcher's ability to defend the suit on its merits, as required by Rule 15(c)(1)(C)(i).

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

plaintiff has made "a deliberate choice to sue one party instead of

another while fully understanding the factual and legal differences

between the two parties." <u>Id.</u> at 549.  On the other hand, there is

no mistake simply because "a plaintiff is aware of the existence of

two parties and chooses to sue the wrong one." <u>Id.</u>

> The reasonableness of the mistake is not itself at issue.
> As noted, a plaintiff might know that the prospective
> defendant    exists    but    nonetheless    harbor    a
> misunderstanding about his status or role in the events
> giving rise to the claim at issue, and she may mistakenly
> choose to sue a different defendant based on that
> misimpression.  That kind of deliberate but mistaken
> choice does not foreclose a finding the Rule
> 15(c)(1)(C)(ii) has been satisfied.
>
> . . .
>
> When the original complaint and the plaintiff's conduct
> compel the conclusion that the failure to name the
> prospective defendant in the original complaint was the
> result of a fully informed decision as opposed to a
> mistake concerning the proper defendant's identity, the
> requirements of Rule 15(c)(1)(C)(ii) are not met.

<u>Id.</u> at 549, 552.

Here, it is implausible that Denmark's attorney, being fully

aware of the consequences of sovereign immunity, nonetheless

deliberately chose to sue Starcher only in his official rather than

individual capacity.  Likelier, indeed, is that Denmark's attorney

lacked an understanding of sovereign immunity, and made the kind of

"deliberate but mistaken choice" described in <u>Krupski</u>.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

### b. Knowledge

That Denmark made a mistake within the meaning of Rule 15(c)(1)(C)(ii), however, says nothing about Starcher's knowledge that an individual-capacity claim should have been brought against him. Nowhere in the pleadings does Starcher concede having actual knowledge that Denmark intended to assert a claim against him in his individual-capacity. Constructive knowledge, on the other hand, is less obvious.

In evaluating constructive knowledge for the purpose of the relation back analysis, courts look to whether the allegations in the original complaint should have notified the defendant that an individual-capacity claim was intended. To this end, courts considering the question have focused on different aspects of the allegations. For instance, the Sixth Circuit is concerned primarily with unequivocal language regarding the defendant's official capacity. Compare Lovelace v. O'Hara, 985 F.2d 847, 850 (6th Cir. 1993) (finding that, based on language from the original complaint alleging an official-capacity claim, "O'Hara had no reason to believe that he would be held personally liable"), with Brown v. Shaner, 172 F.3d 927, 933 (6th Cir. 1999) (distinguishing Lovelace by explaining that, "by contrast, plaintiffs' Original Complaint did not speak in such unequivocal terms," and finding

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
### DENYING IN PART DEFENDANT'S MOTION TO DISMISS

that the plaintiffs knew or should have known that an individual-capacity claim would have been brought).  The Seventh Circuit appears to be more persuaded by whether the original complaint alleges compensatory and punitive damages.  See Hill v. Shelander, 924 F.2d 1370, 1378 (7th Cir. 1991).  And in Sanders-Burns v. City of Plano, 594 F.3d 366, 379 (5th Cir. 2010), the Fifth Circuit noted several allegations of significance, including the prayer for relief, which requested that judgment be entered against the defendant in his "individual capacity."

Although the Fourth Circuit has never squarely addressed this issue,[8] it has explained that, "[t]hough the advisory committee's note [to Rule 15(c)] does not outline the precise amount of latitude for improper naming of government entities, it clearly contemplated a liberal approach."  Goodman, 494 F.3d at 2007.  In that same vein, district courts within the Fourth Circuit have been willing to charge defendants with constructive knowledge in many instances.  See, e.g., Lackawanna Transp. Co. v. Pub. Svc. Comm'n

---

[8] In Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995), the Fourth Circuit instructed courts to examine several factors in determining the capacity intended to be alleged in a § 1983 suit where no capacity is alleged specifically.  These include (1) whether a governmental policy or custom, or the lack of indicia of such a policy or custom, is evident on the face of the complaint; (2) whether the complaint includes a request for compensatory or punitive damages; and (3) whether the defendant asserted qualified immunity as a defense to the original complaint.  Id.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

of West Virginia, No. 5:08CV66, 2008 WL 5378318, at *7 (N.D.W. Va.
Dec. 23, 2008) ("[T]he commissioners of the Public Service
Commission should have known that the action would have been
brought against them except for a mistake in law in the plaintiff's
original complaint."); Justus ex rel. Estate of Justus v. Cnty. of
Buchanan, 498 F. Supp. 2d 883, 886 (W.D. Va. 2007) (charging
constructive knowledge because "the liberal construction of Rule
15(c)[(1)(C)(ii)] dictated by Goodman requires a relation back");
Francis, 2009 WL 2371509, at *9 ("'[W]hether the suit was against
[the defendant] in his official or individual capacity, [he] always
knew that the lawsuit was being brought against him.'") (quoting
Hill, 924 F.2d at 1378).

Here, Starcher correctly observes that the allegations from
Denmark's March, 2014 complaint are unequivocal as to his official
capacity:

> At all times relevant, defendant Cpl. D.P. Starcher was
> an employee of the West Virginia Police force and was
> acting under color of and authority of law. Said
> Defendant is being sued in his official capacity as a
> West Virginia State Trooper.
>
> . . .
>
> The actions whereby the Defendant prepared and verified
> as true the allegations in his criminal complaint,
> conducted an investigation and ultimately sought a
> Forthwith Warrant for the arrest of the Plaintiff and
> then, by information, advocated the continued wrongful

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

> detention of the Plaintiff, were at all times actions
> under authority and color of law as a trooper or officer
> of the West Virginia State Police force.

(Dkt. No. 1 at 2, 6). Such allegations, without more, might

suggest that Starcher reasonably believed he would not face an

individual-capacity claim.

Two factors belie that conclusion, however. First, "public

officials are charged with knowing their susceptibility to personal

§ 1983 liability due to the state's sovereign immunity."

Lackawanna, 2008 WL 5378318, at *7. Second, in her March, 2014

prayer for relief, Denmark requested compensatory and punitive

damages that are available only in an individual-capacity suit.

(Dkt. No. 1 at 8); see Biggs, 66 F.3d at 61 ("Another indication

that suit has been brought against a state actor personally may be

a plaintiff's request for compensatory or punitive damages, since

such relief is unavailable in official capacity suits.").

Therefore, Rule 15(c)(1)(C)(ii) is satisfied because Denmark made

a mistake by filing her individual-capacity claim out of time, and

Starcher should have known that such a claim would have been filed

but for Denmark's mistake.

**B.    Sovereign Immunity**

Starcher also argues that sovereign immunity bars an official-

capacity § 1983 claim. Denmark offers no response to this

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

argument.  Indeed, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989).  "As such, it is no different from a suit against the State itself."  <u>Id.</u>  Accordingly, Starcher is immune from Denmark's official-capacity claim because "the Eleventh Amendment bars a damages action against a State in federal court."  <u>Graham</u>, 473 U.S. at 169; <u>see</u> <u>Hutto v. South Carolina Ret. Sys.</u>, __ F.3d __, 2014 WL 6845450, at *9 (4th Cir. Dec. 5, 2014) ("State officials sued in their official capacities for retrospective money damages have the same sovereign immunity accorded to the State.").

### V. CONCLUSION

Denmark's § 1983 individual-capacity claim against Starcher is not time-barred because it relates back to her timely filed March, 2014 complaint.  That said, the remainder of Denmark's claims fail as a matter of law.  Accordingly, this case may proceed, but only as a § 1983 individual-capacity claim.

For the reasons discussed, the Court **GRANTS IN PART** and **DENIES IN PART** Starcher's motion to dismiss.

It is so **ORDERED.**

22

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: December 18, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE